IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  4:11cr48/RH/GRJ
 4:17cv260/RH/GRJ

CHARLES JARROD BEVERLY

---

# REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."  (ECF No. 48.)  After a review of the record and the arguments presented in the motion, the Government's response and supplemental response, and Petitioner's reply and traverse, the court concludes that Petitioner's motion is due to be dismissed as untimely without an evidentiary hearing.  *See* Rules 8(a) and (b) Governing Section 2255 Cases.

## BACKGROUND

On September 13, 2011, a grand jury charged Petitioner Charles Jarrod Beverly ("Beverly") with two counts of distribution of cocaine in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  (ECF No. 1.)

The charges stemmed from two controlled purchases of cocaine by a confidential informant in July of 2011.

The Government filed notice of its intent to seek enhanced penalties due to Beverly's prior felony drug convictions (ECF No. 16) and one month later, accompanied by appointed counsel Richard Smith, Esq., Beverly pleaded guilty pursuant to a written plea agreement (ECF Nos. 19-21).

Beverly's Presentence Investigation Report ("PSR") reflected a total offense level of 31.   (ECF No. 25.)   The otherwise applicable offense level of 23, calculated pursuant to Chapter Two of the Guidelines was superseded by the Chapter Four career offender enhancement.   With a criminal history category of VI, the applicable guideline imprisonment range was 188 to 235 months.

At the final sentencing proceeding on April 19, 2012, both parties requested a sentence at the low end of the applicable guidelines range. The court departed and sentenced Beverly to a below-guidelines term of 150 months of imprisonment.   (ECF No. 52 at 12-15.)   It did not make a specific finding as to the drug amount because the career offender guideline governed Beverly's sentence.   (*Id.* at 16.)

Case Nos.: 4:11cr48/RH/GRJ; 4:17cv260/RH/GRJ

The court advised Beverly that if he wanted to appeal, Mr. Smith, who would continue as his attorney, could file the notice of appeal for him or the clerk of court could file the notice of appeal upon request. (ECF No. 52 at 18.) The court also advised Beverly that he should talk to counsel immediately to ensure counsel had a clear of understanding as to whether he wanted to appeal.

Beverly did not appeal. More than two years after his sentencing, in November of 2014 and March of 2015, he filed motions to reduce his sentence under U.S.S.G. Amendment 782.[1] (ECF Nos. 39, 40). Because the court had sentenced Beverly as a career offender, he was not eligible for the requested reduction, and the court denied the motions. (ECF No. 42.)

The court received an un-signed § 2255 motion and memorandum on June 5, 2017, over five years after Beverly's sentencing. (ECF Nos. 43, 44.) The court received the signed, but undated, amended motion on July 6, 2017. (ECF No. 48.) Beverly claims that counsel failed to file an appeal in his behalf or to consult with him about an appeal.[2]

---

[1] The motions are brief, and there is no mention of an appeal.
[2] Beverly clearly did not author the supporting memorandum. (*See* ECF No. 48 at 15,

Case Nos.: 4:11cr48/RH/GRJ; 4:17cv260/RH/GRJ

## ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2255. Assuming Beverly personally submitted the original unsigned § 2255 motion, he filed it, at the earliest, five years after his sentencing. Therefore, it is facially untimely, and will be considered time-barred unless he establishes his entitlement to equitable tolling. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)).

---

n. 1 "The undersigned draws inferences throughout due to lack of available information from the Movant. Thereby, any erroneous assumptions are the fault of the undersigned and should not detract from the believability of the Movant."

Case Nos.: 4:11cr48/RH/GRJ; 4:17cv260/RH/GRJ

Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew,* 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)). Beverly's

submissions do not support a finding that he is entitled to invoke the doctrine of equitable tolling.

Beverly refers in his motion to pre-sentencing discussions with counsel in which counsel told him they would appeal if there was an "unfavorable" result, i.e. sentence was imposed "without the benefit of a Government motion for reduction of sentence and/or based upon an inadequate prior conviction." (*See* ECF No. 48 at 13.) Based solely on these discussions, Beverly claims to have believed his attorney had filed a notice of appeal, despite the fact that there do not appear to have been any post-sentencing discussions about an appeal, and the fact that the district court imposed a below-guidelines sentence, which could have been placed at risk if an appeal were unsuccessful.

Beverly asserts in his motion that "he sought to communicate with his attorney about the status of his appeal, and with the courts about his attorney's failure to respond in that regard." (ECF No. 48 at 19.) He has provided no evidence of his efforts to communicate with counsel. Furthermore, the docket does not reflect any of his alleged attempts to communicate with the court about his pending appeal, or any diligent

pursuit of his rights. Beverly claims that after "many failed attempts" to contact former counsel via mail, telephone and family,³ he learned from another inmate that cases can take years to complete. (ECF No. 63 at 5.) However, the two cases he cites are cases in which the direct appeals took one and two years respectively (*id.* at 6), far less than the five years he waited before filing for habeas relief.

Beverly (or the individual who authored the pleadings for him) ignored the court's order instructing him to provide additional factual detail about his claim, including how and when he learned that no appeal had been filed. (ECF No. 57 at 2.) Instead, the response is full of irrelevant legal citation and attempts to obfuscate the issues; a factual basis for a claim that he is entitled to equitable tolling is utterly lacking.

---

³ Appended to Beverly's motion are sworn statements from Petitioner's mother, Mary Beverly, and Cametra Whitehead, who both assert that they unsuccessfully tried to contact Smith several times about Beverly's appeal or substantial assistance. (ECF No. 48 at 20, 21.) An appeal typically forecloses a defendant's attempt to obtain a post-conviction substantial assistance motion, particularly in a case such as this where a defendant received a below-guidelines sentence after a guilty plea. This court is well aware that on occasion, defendants voluntarily forgo their right to appeal in hopes of securing a Rule 35, and then move for habeas relief when it is apparent that no Rule 35 is forthcoming.

Case Nos.: 4:11cr48/RH/GRJ; 4:17cv260/RH/GRJ

Finally, the court notes Beverly's statement that "serious attorney misconduct could constitute extraordinary circumstances for equitable tolling." (ECF No. 48 at 18.) No misconduct, much less "serious" misconduct is apparent in this case.

## Conclusion

The five-year delay between Beverly's sentencing and the filing of his initial § 2255 motion challenging counsel's failure to file an appeal demonstrates the opposite of diligence. Even if, as he says, counsel did not return phone calls or respond to inquiries from Beverly and his family, there was nothing preventing Beverly, or his family upon his request, from contacting the clerk of this court or the appellate court to determine whether an appeal had been filed and the status of his case. The fact that he did not do so demonstrates a complete lack of diligence. Beverly has not met his burden of showing that he is entitled to rely on the doctrine of equitable tolling. Therefore, his motion is untimely, and it should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when

it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

Case Nos.: 4:11cr48/RH/GRJ; 4:17cv260/RH/GRJ

1.  The amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 48) should be **DENIED and DISMISSED as untimely**.

2.  A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 5th day of February, 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:11cr48/RH/GRJ; 4:17cv260/RH/GRJ