IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 4:11cr48-RH-GRJ
 4:17cv260-RH-GRJ

CHARLES JARROD BEVERLY,

    Defendant.

_____/

**ORDER DENYING THE § 2255 MOTION AND
GRANTING A CERTIFICATE OF APPEALABILITY**

On November 22, 2011, Charles Jarrod Beverly pled guilty to two counts of distributing cocaine. On April 19, 2012, he was sentenced to 150 months in the Bureau of Prisons. This was a below-guideline sentence. A written judgment was entered on April 30, 2012. The deadline to appeal was May 14, 2012. Mr. Beverly did not appeal.

Mr. Beverly has filed a motion for relief under 28 U.S.C. § 2255. He asserts he had a discussion with his attorney prior to sentencing that was, in effect, an instruction to the attorney to file an appeal from the not-yet-announced sentence. Mr. Beverly asserts the attorney rendered ineffective assistance by failing to

appeal. Mr. Beverly says he wished to raise on appeal an issue that he asserted was well-founded but that in truth was and is frivolous. The assertion was that his prior Florida drug-trafficking convictions could not be treated as prior drug felony convictions under 21 U.S.C. § 841 or as prior controlled substance offenses under the career-offender guideline. *See* U.S. Sentencing Guidelines Manual § 4B1.1.

The clerk received and docketed the § 2255 motion on June 5, 2017. Mr. Beverly apparently delivered the motion to prison officials for mailing on June 2, 2017. *See* ECF No. 43 at 16 (barely legible prison stamp); ECF No. 44 at 6 (typewritten date of June 2); *id.* at 10 (barely legible prison stamp). Mr. Beverly later amended the motion.

The amended § 2255 motion is before the court on the magistrate judge's report and recommendation, ECF No. 67, and the objections, ECF No. 68. I have reviewed de novo the issues raised by the objections. The report and recommendation correctly concludes that the § 2255 motion is untimely.

The one-year period for filing a § 2255 motion runs from one of four dates. The statute provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

 In this case the controlling provision is § 2255(f)(4). The deadline for Mr. Beverly to file his § 2255 motion asserting failure to appeal was one year after he learned, or could have learned with due diligence, that his attorney did not file an appeal. If, even with due diligence, Mr. Beverly could not have learned before June 2, 2016 that an appeal was not filed, this § 2255 motion is timely. If, with due diligence, Mr. Beverly could have learned on or before June 1, 2016 that an appeal was not filed, this § 2255 motion is untimely. The critical date, June 1, 2016, was more than four years after the May 14, 2012 deadline to appeal.

There is no bright-line rule establishing how long is too long to discover a failure to appeal. *Compare, e.g.*, *Wims v. United States*, 225 F.3d 186 (2d Cir. 2000) (holding that the failure to appeal would not necessarily be discovered with due diligence within 5 months after the judgment became final), *with Anjulo-Lopez*

*v. United States*, 541 F.3d 814 (8th Cir. 2008) (holding that due diligence would have led to discovery of the failure to appeal within 3 months after the judgment became final).

For its part, the Eleventh Circuit has twice passed up an opportunity to hold that due diligence would necessarily lead to discovery of an attorney's failure to appeal, or failure to raise specific issues on appeal, within a long period. *See Long v. United States*, 626 F.3d 1167 (11th Cir. 2010) (reversing the dismissal of a failure-to-appeal claim filed more than three years after the conviction became final and remanding for consideration under § 2255(f)(4)); *Aron v. United States*, 291 F.3d 708 (11th Cir. 2002) (reversing the dismissal of a failure-to-raise-issues-on-appeal claim filed more than four years after the appeal was filed and more than two years after enactment of the Antiterrorist and Effective Death Penalty Act, including the § 2255(f)(4) due-diligence requirement; remanding for an evidentiary hearing on due diligence).

As cases like *Long* and *Aron* recognize, "a reasonable person, particularly a prisoner, would require some amount of time after the appeal-filing deadline to realize that no appeal had been filed." *Dauphin v. United States*, 604 F. App'x 814, 818 (11th Cir. 2015). Recognizing this, the magistrate judge directed Mr. Beverly to provide under oath a statement showing what he did to attempt to learn whether his attorney had appealed—and when he did it. Mr. Beverly provided no specifics,

instead discussing at length largely unrelated legal principles and sarcastically criticizing the magistrate judge's insistence on sworn factual detail.

A defendant is entitled to an evidentiary hearing on a § 2255 motion only if the defendant proffers facts—not just conclusions—that, if true, would entitle the defendant to prevail. Before scheduling an evidentiary hearing, a court can properly require a defendant to confirm the defendant's own proffered testimony under penalty of perjury. Mr. Beverly's motion is verified but does not include sufficient facts. He has been given an opportunity but has failed to provide facts showing that, with due diligence, he could not have learned by June 1, 2016, that his attorney failed to file an appeal more than four years earlier. The § 2255 motion is time barred.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Reasonable jurists could disagree on whether Mr. Beverly is entitled to an evidentiary hearing on the due-diligence issue that is critical to application of the statute of limitations. If Mr. Beverly were to prevail on that issue, he also would be entitled to an evidentiary hearing on whether he instructed his attorney to appeal. And if he prevailed on that issue, he would be entitled to relief. An attorney renders ineffective assistance by failing to appeal when instructed to do so, and the failure to appeal is deemed prejudicial, even when, as here, any appeal would be frivolous.

This order thus grants a certificate of appealability.

Cases No. 4:11cr48-RH-GRJ and 4:17cv260-RH-GRJ

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The amended § 2255 motion, ECF No. 48, is denied as untimely.

3. The clerk must enter judgment.

4. A certificate of appealability is granted on this issue: whether the 28 U.S.C. § 2255 motion, as amended, was properly held untimely under § 2255(f)(4) without an evidentiary hearing.

5. The clerk must close the file.

SO ORDERED on April 15, 2020.

                                  s/Robert L. Hinkle
                                  United States District Judge